## STATE OF TENNESSEE *v.* HIBDOM.

*(Circuit Court, M. D. Tennessee.* April Term, 1885.)

COURT-MARTIAL—TRIAL OF SOLDIER FOR MURDER—JURISDICTION OF STATE COURT—ACT OF MARCH 3, 1863.

A state court in Tennessee has no jurisdiction to try a party for a murder alleged to have been committed on February 22, 1865, while the accused was a soldier in the United States army, as such offense is triable under the act of congress of March 3, 1863, by court-martial.

*Habeas Corpus.*

*Andrew McClain,* U. S. Dist. Atty., and *W. B. Stokes,* for petitioner.

*J. A. Jones,* for the State.

KEY, J. The petitioner, who is the defendant in this case, is under indictment, in the circuit court of Cannon county, Tennessee, for the murder of James Gibson. He has been arrested and imprisoned in the jail of Cannon county under the charge. He insists that he is not subject to the jurisdiction of the state court, because, at the time

the murder is alleged to have been committed, he was a soldier in the federal service, and that a court-martial had the sole and exclusive jurisdiction of his case.

The thirteenth section of the act of congress of March 3, 1863, to enroll and call out the national forces, enacts "that in time of war, insurrection, or rebellion, murder, assault and battery with an intent to kill, manslaughter, mayhem, wounding by shooting or stabbing with an intent to commit rape, and larceny, shall be punishable by the sentence of a general court-martial or military commission, when committed by persons who are in the military service of the United States and subject to the articles of war; and the punishment for such offenses shall never be less than those inflicted by the laws of the state, territory, or district in which they may have been committed."    12 St. 736.

In the case of *Coleman* v. *Tennessee*, 97 U. S. 510–520, Justice FIELD, delivering the opinion of the court, says this section "does not make the jurisdiction of military tribunals exclusive of the state courts. It does not declare that soldiers committing the offenses named shall not be amenable to punishment by the state courts. It simply declares that the offenses shall be 'punishable,' not that they shall be punished by the military courts; and this is merely saying that they may be thus punished."    97 U. S. 513, 514.    But, notwithstanding the principle thus enunciated, the court goes on to say :

"In denying to the military tribunals exclusive jurisdiction, under the section in question, over the offenses mentioned, when committed by persons in the military service of the United States, and subject to the articles of war, we have reference to them when they were held in states occupying, as members of the Union, their normal and constitutional relations to the federal government, in which the supremacy of that government was recognized, and the civil courts were open and in the undisturbed exercise of their jurisdiction. When the armies of the United States were in the territory of insurgent states banded together in hostility to the national government, and making war against it,—in other words, when the armies of the United States were in the enemy's country,—the military tribunals mentioned, had, under the laws of war, and the authority conferred by the section named, exclusive jurisdiction to try and punish offenses of every grade, committed by persons in the military service. Officers and soldiers of the armies of the Union were not subject, during the war, to the laws of the enemy, or amenable to his tribunals for offenses committed by them. They were answerable only to their own government, and only by its laws, as enforced by its armies, could they be punished." 97 U. S. 515.

But it is insisted on behalf of the state that the state of Tennessee had been restored to its normal condition in the Union at the time the offense is charged to have been committed; that a military governor had been appointed by the president of the United States, and the machinery of the state government was friendly to and acknowledged the federal government and constitution as paramount to its authority. The case of *Coleman* v. *Tennessee* decides this point also. The murder in *Coleman's Case* was alleged to have been committed

March 7, 1865. 97 U. S. 510. The murder with which the petitioner is charged, is alleged to have been committed on the twenty-second day of February, 1865. The supreme court of the United States say, in the *Coleman Case:*

"The fact that when the offense was committed for which the defendant was indicted, the state of Tennessee was in the military occupation of the United States, with a military governor at its head appointed by the President, cannot alter this conclusion. (That is that the state courts had no jurisdiction.) Tennessee was one of the insurgent states forming the organization known as the confederate states, against which the war was waged. Her territory was enemy's country, and its character in this respect was not changed until long afterwards."

I think the *Coleman Case* is decisive of all the points made in the one under consideration, and have come to the conclusion that the motion made on behalf of the state of Tennessee to quash or dismiss the writ of *habeas corpus,* because the facts stated in the petition are not sufficient to authorize its issuance, must be overruled.

---

NOTE.—Upon the hearing of the petition upon its merits, it appeared that the petitioner was a federal soldier at the date of the alleged murder. The judge thereupon ordered that he be released from his imprisonment, and the order was carried into execution.